Electronically Filed
11/21/2016 12:18:36 PM
Lois Rogers, Smith County District Clerk
Reviewed By: Gabriela Hernandez

NO. 16-2359-B

| | | |
|---|---|---|
| **CORINNE FORD**<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § § | _____ JUDICIAL DISTRICT |
| **STEVEN KVAM AND TRY-US TRANSPORTATION, INC.**<br>Defendants. | § § § § | OF SMITH COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Corinne Ford, hereinafter called Plaintiff, complaining of and about Steven Kvam and TRY-US TRANSPORTATION, INC., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, Corinne Ford, is an Individual whose address is c/o Lee, Gober & Reyna, 11940 Jollyville Road, Suite 220-S, Austin, Texas 78759.

3. The last three numbers of Corinne Ford's driver's license number are 689. The last three numbers of Corinne Ford's social security number are 483.

4. **Defendant Steven Kvam**, an Individual who is a nonresident of Texas, may be served with process at his post office box at the following address: **PO BOX 279, CHILOQUIN, OREGON 97624-0279 (or wherever he may be found)**. Service of said Defendant as described above can be effected by certified mail, return receipt requested or any method allowed by the Texas Rules of Civil Procedure.



CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

5. **Defendant TRY-US TRANSPORTATION, INC.**, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the **registered agent of the corporation, SUKHJINDER SANGHERA, at 3818 MOFFETT RD, CERES, CALIFORNIA 95307, its registered office.** Service of said Defendant as described above can be effected by certified mail, return receipt requested, or any method allowed by the Texas Rules of Civil Procedure.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. Plaintiff seeks:

   a. monetary relief over $1,000,000.

8. This court has jurisdiction over Defendant Steven Kvam, because said Defendant purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Steven Kvam will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Plaintiff would show that Defendant Steven Kvam had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

10. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Steven Kvam to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

11. Furthermore, Plaintiff would show that Defendant Steven Kvam engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas


CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

12. Defendant willfully entered Texas and operated a tractor trailer in the course and scope of Defendant's business.

13. This court has jurisdiction over Defendant TRY-US TRANSPORTATION, INC., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over TRY-US TRANSPORTATION, INC. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

14. Plaintiff would show that Defendant TRY-US TRANSPORTATION, INC. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

15. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant TRY-US TRANSPORTATION, INC. to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

16. Furthermore, Plaintiff would show that Defendant TRY-US TRANSPORTATION, INC. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

17. Defendant willfully directed Steven Kvam to enter Texas and operate a tractor trailer in the course and scope of Defendant's business.


CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

18. Venue in Smith County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

19. This suit is related to a collision that occurred on November 26, 2014 around 10:20 a.m. in Chandler, Texas in Smith County. At the time of the collision, Plaintiff Corinne Ford was a restrained driver in her Volkswagen Beetle traveling eastbound on SH 31. Prior to the collision, Mrs. Ford was lawfully stopped at red traffic-control light waiting for the light to turn green to proceed, when without warning, Defendant Steven Kvam, driving an 18 wheeler truck and trailer owned by Defendant, Try-US Transportation, Inc., was traveling at a high rate of speed and without warning and failing to apply his brakes, crashed into the rear of Mrs. Ford's vehicle. The force of the impact was so great that it pushed Mrs. Ford's vehicle into the vehicle in front of her. The collision caused immediate bodily injury to Mrs. Ford and substantial property damage to her vehicle.

20. The direct and proximate cause of the collision was Defendants' negligence, gross negligence and recklessness when Defendant breached his duty to safely bring his vehicle to a stop, failed to observe the red light, operated the vehicle as a distracted driver and breached his duty to maintain a safe distance between his vehicle and Mrs. Ford's vehicle. As a result of the collision, Mrs. Ford sustained significant injuries to her neck, anterior chest, low back and shoulder. At all relevant times Defendant Steven Kvam was acting under the course and scope of business of Defendant Try-Us Transportation, Inc..



CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

## PLAINTIFF'S CLAIM OF

## NEGLIGENCE AGAINST STEVEN KVAM

21. Defendant Steven Kvam had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

22. Plaintiff's injuries were proximately caused by Defendant Steven Kvam's negligent, grossly negligent, careless and reckless disregard of said duty.

23. The negligent, grossly negligent, careless and reckless disregard of duty of Defendant Steven Kvam consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant Steven Kvam failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. In that Defendant Steven Kvam failed to turn his motor vehicle to the left or right in an effort to avoid the collision complained of;

    C. In that Defendant Steven Kvam failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant Steven Kvam's motor vehicle which would permit Defendant Steven Kvam to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

    D. In that Defendant Steven Kvam failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

    E. In that Defendant Steven Kvam was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    F. In that Defendant Steven Kvam failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes;

    G. In that Defendant Steven Kvam failed to stop at an Official-Traffic

CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

Control Device, to wit: a stop light, in violation of Section 544.007 of the Texas Transportation Code;

H. In that Defendant Steven Kvam failed to stop, yield, and grant immediate use of the intersection to Plaintiff's motor vehicle after it had entered the intersection to conform to the Official Traffic-Control Device - i.e. a stop light erected by public authority;

I. In that Defendant Steven Kvam failed to enter into the intersection only when he could have safely entered without interference or collision with other traffic, and specifically, with Plaintiff's motor vehicle; and

J. In that Defendant Steven Kvam looked away from the road and vehicles ahead of him, allowing himself to be a distracted driver..

K. In that Defendant Steven Kvam failed to observe Federal Motor Carrier Safety Administration rules, regulations and guides which are intended to ensure the safety of persons such as Plaintiff.

### PLAINTIFF'S CLAIM OF
### NEGLIGENCE PER SE AGAINST STEVEN KVAM

24. Defendant Steven Kvam's conduct described herein constitutes an unexcused breach of duty imposed by Section 544.007 of the Texas Transportation Code.

25. The statute imposes the duty on operators of motor vehicles facing a steady red traffic signal to stop and not attempt to enter the intersection until an indication to proceed is displayed. Steven Kvam violated this duty when he failed to stop for a red light; causing his vehicle to crash into the rear of Plaintiff's vehicle.

26. Plaintiff is member of the class that Section 544.007 of the Texas Transportation Code was designed to protect.

27. Defendant Steven Kvam's unexcused breach of the duty imposed by Section 544.007 of the Texas Transportation Code proximately caused the Plaintiff's injuries described herein.


CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

## PLAINTIFF'S CLAIM OF
## NEGLIGENCE AGAINST TRY-US TRANSPORTATION, INC.

28. Defendant TRY-US TRANSPORTATION, INC. had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

29. Plaintiff's injuries were proximately caused by Defendant TRY-US TRANSPORTATION, INC.'s negligent, grossly negligent, careless and reckless disregard of said duty.

30. The negligent, grossly negligent, careless and reckless disregard of duty of Defendant TRY-US TRANSPORTATION, INC. consisted of, but is not limited to, the following acts and omissions:

    A.    In that Defendant TRY-US TRANSPORTATION, INC. failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B.    In that Defendant TRY-US TRANSPORTATION, INC. failed to turn its motor vehicle to the left or right in an effort to avoid the collision complained of;

    C.    In that Defendant TRY-US TRANSPORTATION, INC. failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant TRY-US TRANSPORTATION, INC.'s motor vehicle which would permit Defendant TRY-US TRANSPORTATION, INC. to bring its motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

    D.    In that Defendant TRY-US TRANSPORTATION, INC. failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

    E.    In that Defendant TRY-US TRANSPORTATION, INC. was operating its motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;


CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

F.  In that Defendant TRY-US TRANSPORTATION, INC. failed to apply its brakes to its motor vehicle in a timely and prudent manner and/or wholly failed to apply its brakes;

G.  In that Defendant TRY-US TRANSPORTATION, INC. failed to stop at an Official-Traffic Control Device, to wit: a stop light, in violation of Section 544.007 of the Texas Transportation Code;

H.  In that Defendant TRY-US TRANSPORTATION, INC. failed to stop, yield, and grant immediate use of the intersection to Plaintiff's motor vehicle after it had entered the intersection to conform to the Official Traffic-Control Device - i.e. a stop light erected by public authority;

I.  In that Defendant TRY-US TRANSPORTATION, INC. failed to enter into the intersection only when it could have safely entered without interference or collision with other traffic, and specifically, with Plaintiff's motor vehicle; and

J.  In that the driver of Defendant's vehicles looked away from the road and vehicles ahead of him, allowing himself to be a distracted driver.

K.  In that Defendant failed to observe Federal Motor Carrier Safety Administration rules, regulations and guides which are intended to ensure the safety of persons such as Plaintiff.

## PLAINTIFF'S CLAIM OF NEGLIGENCE PER SE AGAINST TRY-US TRANSPORTATION, INC.

31. Defendant TRY-US TRANSPORTATION, INC.'s conduct described herein constitutes an unexcused breach of duty imposed by Section 544.007 of the Texas Transportation Code.

32. The statute imposes the duty on operators of motor vehicles facing a steady red traffic signal to stop and not attempt to enter the intersection until an indication to proceed is displayed. The driver of Defendant's vehicles, Steven Kvam, violated this duty when he failed to stop for a red light; causing his vehicle to crash into the rear of Plaintiff's vehicle.

33. Plaintiff is member of the class that Section 544.007 of the Texas Transportation Code was designed to protect.


CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

34. Defendant TRY-US TRANSPORTATION, INC.'s unexcused breach of the duty imposed by Section 544.007 of the Texas Transportation Code proximately caused the Plaintiff's injuries described herein.

### PLAINTIFF'S CLAIM OF
### RESPONDEAT SUPERIOR AGAINST TRY-US TRANSPORTATION, INC.

35. At the time of the occurrence of the act in question and immediately prior thereto, Steven Kvam was within the course and scope of employment for Defendant TRY-US TRANSPORTATION, INC..

36. At the time of the occurrence of the act in question and immediately prior thereto, Steven Kvam was engaged in the furtherance of Defendant TRY-US TRANSPORTATION, INC.'s business.

37. At the time of the occurrence of the act in question and immediately prior thereto, Steven Kvam was engaged in accomplishing a task for which Steven Kvam was employed.

38. Plaintiff invokes the doctrine of Respondeat Superior as against Defendant TRY-US TRANSPORTATION, INC..

### PLAINTIFF'S CLAIM OF
### NEGLIGENT ENTRUSTMENT AGAINST TRY-US TRANSPORTATION, INC.

39. On November 26, 2014, Defendant TRY-US TRANSPORTATION, INC. was the owner of the vehicle operated by Steven Kvam.

40. Defendant TRY-US TRANSPORTATION, INC. entrusted the vehicle to Steven Kvam, a reckless and incompetent driver.

41. Defendant TRY-US TRANSPORTATION, INC. knew, or through the exercise of reasonable care should have known, that Steven Kvam was a reckless and incompetent driver.


CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

42. As described herein, Steven Kvam was negligent on the occasion in question.

43. Steven Kvam's negligence was the proximate cause of Plaintiff's damages.

## EXEMPLARY DAMAGES

44. Defendant Steven Kvam's acts or omissions described above, when viewed from the standpoint of Defendant Steven Kvam at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant Steven Kvam had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

45. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Steven Kvam.

46. Defendant TRY-US TRANSPORTATION, INC.'s acts or omissions described above, when viewed from the standpoint of Defendant TRY-US TRANSPORTATION, INC. at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant TRY-US TRANSPORTATION, INC. had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

47. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant TRY-US TRANSPORTATION, INC..


CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

## DAMAGES FOR PLAINTIFF, CORINNE FORD

48. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Corinne Ford was caused to suffer serious injuries, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Corinne Ford for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Smith County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Loss of Household Services in the past;

J. Loss of Household Services in the future;

K. Disfigurement in the past;

L. Disfigurement in the future;

M. Property damages;

N. Mental anguish in the past;

O. Mental anguish in the future;

P. Fear of future disease or condition; and

Q. Cost of medical monitoring and prevention in the future.



CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Corinne Ford, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Lee, Gober & Reyna

By: _/s/ Kenneth P. Gober III_

Kenneth "Tray" Gober, III
Texas Bar No. 24061986
Email: KGober@LGRLawFirm.com
11940 Jollyville Road, Suite 220S
Austin, TX 78759
Tel. (512) 800.8000
Fax. (512) 478.8081
Attorney for Plaintiff
Corinne Ford

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

CERTIFIED TO BE A TRUE AND CORRECT COPY FILED IN THE SMITH COUNTY DISTRICT CLERK'S OFFICE

Case 6:17-cv-00127-KNM   Document 3   Filed 02/28/17   Page 13 of 13 PageID #: 80

STATE OF TEXAS - COUNTY OF Smith

I, Lois Rogers, District Clerk of Smith County Texas, hereby certify that the foregoing is a true and correct copy the original record, now in my lawful custody and possess as appears of record in Vol. _____, Page _____ Minutes of said Court on file in my office.

Witness my official hand and seal of office on this date:

Feb. 14, 2017

Lois Rogers, District Clerk - Smith County, Texas

By: _____ Deputy